UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

FREIDA DARLENE JOHNSON                                                              PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:22-CV-P139-JHM

KAREN CLARKE *et al.*                                                              DEFENDANTS

**MEMORANDUM OPINION**

This is a *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971)*, pro se* prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff Freida Darlene Johnson is incarcerated as a pretrial detainee at the Daviess County Detention Center. She brings this action against Karen Clarke, "Asst. State Attorney at DOJ Civil Rights Division";[1] and United States Senators Mitch McConnell and Rand Paul.[2] Plaintiff sues Defendants in both their official and individual capacities.

Plaintiff writes the following *in toto* in the "Statement of Claim(s)" section of the complaint form:

> 18 U.S.C. 2000ee "Crimes Against Humanity" – Whistleblowers/Judicial Misconduct, police department misconduct "No Fear Act" when filing a claim against government, local or state officials no one should fear retaliation from persons involved in action filed. One should be free from harassment intimidation threats of safety from harmful or imprisonment to slow down hinder or obstruct process of action filed. Conflict of intrest and abuse of (18 U.S.C. 2000ee) power against Judges David Payne Chief Circuit Court Judge Jay Wethington Circuit Court Judge Lisa Payne Jones. Malicious prosecution involving police department and Commonwealth Attorney Bruce Kugel Micheal VanMeter Grand Larceny –

---

[1] Although the Court cannot be certain, it will presume that Plaintiff intended to sue Kristen Clarke, Assistant Attorney General for Civil Rights at the United States Department of Justice. *See* https://www.justice.gov/crt/meet-assistant-attorney-general.

[2] Although Plaintiff identifies Senator Paul as "Randal Paule," the Court take judicial notice that his name is Rand Paul.

Property Theft . . . "False Claims Act" just to name a few in Daviess Co. The Commonwealth of Kentucky showed an extreme indifference in policing and sentencing in a homicide cases involving my son EDJ and Corbin Henry. June 10, 2001, my son's death was not an accident it was murder no one received any punishment because of race (6 months) was the sentence for drive Jesse Allen Hastie (white male) Ashley Cox (WF) N/A in the murder of Corbin Henry (white male) victim in a manslaughter accidental shooting Jay Quorion Johnson never being involved in any prior criminal history African American youth under 18 years of age same city Owensboro Kentucky would be found not guilty of murder 14 years later and receive the maximum penalty allowed (6) wanton endangerment no people were endangered the shell casings (6) one fatal shot received 30 yrs was his sentence. Because of race the system in Owensboro Kentucky the judicial process the police department and city attorney and county attorney and Commonwealth's Attorney's Office in Owensboro Kentucky would allow the race of the accused and victim to determine on multiple criminal cases to be hugely dispiortional because of race African Americans are more likely to receive harsher penalties by at least 85% difference white male received 6 month for murder 1st . . . . African American received 30 yr for a manslaughter accidental shooting causing a loss of life. "No Fear Act" police department in Owensboro Kentucky in court cases involving district court judge David Payne and Chief Circuit Court Judge Jay Wethington since 2007 to present I'm in custody at Daviess County Detention Center in Owensboro Kentucky

"1871 Enforcement Act" Divorce Proceedings Judge David Payne 20-CI-01163 Criminal Charges Judge David Payne 100,000.00 2nd 19-CR-00521 19-CR 00523 Chief Circuit Court Judge Jay Wethington. Judicial misconduct case rejected and this was a conflict of intrest abuse of power they were the district court judge David Payne Jay Wethington Chief Commonwealth Attorney would not charge Jessie Allen Hastie and Ashley Cox for my son's death June 10, 2009 they did charge Jessie Allen Hastie on (2) misdemeanor charges 1) leaving the scene 2) no insurance.

1st Degree Assault charge by Office Loren Yontz was never . . . introduced as a charge brought by the Commonwealth Attorney Jay Wethington against Jessie Allen Hastie June 10 2006 co defendant Ashley Cox never questioned

As relief, Plaintiff seeks damages, "reparations," and injunctive relief by "1871 Enforcement Act" and states "Republicans voted against Matthew Shepard James Byrd (2007) hate crimes."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

In *Bivens*, the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

Official-capacity suits against federal officials for damages are treated as suits against the United States and, therefore, barred by sovereign immunity. *See, e.g.*, *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002) (holding that sovereign immunity precludes a *Bivens* action against federal officers or agents in their official capacity for damages); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (holding that "a *Bivens* claim may not be asserted against a federal officer in his official capacity"). The Court will, therefore, dismiss Plaintiff's official-capacity claims for damages.

As to Plaintiff's individual-capacity claims, to recover against a given defendant in a *Bivens* action, a plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Thus, because Plaintiff makes no allegations against any Defendant, her individual-capacity claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted.

Finally, the Court finds that this action is also subject to dismissal because it is written in a virtually incomprehensible stream-of-consciousness format and does not set forth allegations or

legal claims that are reasonably intelligible to the Court. *See, e.g.*, *Dickerson v. Washington*, No. C18-652 TSZ-BAT, 2018 U.S. Dist. LEXIS 110290, at *4 (W.D. Wash. June 7, 2018) (dismissing "unintelligible" complaint for failure to state a claim upon which relief may be granted); *Trammell v. Caudill*, No. 1:05cv740, 2005 U.S. Dist. LEXIS 30323, at *4 (S.D. Ohio Nov. 15, 2005) (dismissing action for failure to state a claim because "the [] allegations appear to be a compilation of unintelligible and disjointed thoughts [and] the Court is unable to discern the type of relief plaintiff is seeking").

IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: March 6, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011